Geoffrey M. Trachtenberg (SNB # 019338)
gt@ltinjurylaw.com
Justin Henry (SBN #027711)
justinhenry@ltinjurylaw.com
**LEVENBAUM TRACHTENBERG, PLC**
362 North Third Avenue
Phoenix, Arizona 85003
Telephone (602) 271-0183
Facsimile (602) 271-4018

*Attorneys for Plaintiff*

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Justin Bogus, a married man,<br><br>  Plaintiff,<br><br>  v.<br><br>GEICO Indemnity Company, a Maryland corporation; Danielle Trach and John Doe Trach, wife and husband; John Does I-X; Jane Roes I-X; Black Corporations I-X; and White Partnerships I-X,<br><br>  Defendants. | Case No. 18-cv-03042-PHX-GMS<br><br>**FIRST AMENDED COMPLAINT** |

   Plaintiff Justin Bogus, by and through undersigned counsel, for his Complaint against Defendants alleges as follows:

   1.   Plaintiff Justin Bogus is a resident of Maricopa County, State of Arizona.

   2.   Defendant GEICO Indemnity Company ("GEICO") is a Maryland corporation duly licensed to administer and sell insurance in the State of Arizona.

   3.   Upon information and belief, Defendants Danielle Trach and John Doe Trach are wife and husband, and all actions alleged herein were committed on behalf and for the benefit of their marital community.

   4.   Defendants John Does I-X, Jane Roes I-X, Black Corporations I-X, and White Partnerships I-X are fictitious Defendants, the true names or capacities, whether individual,

corporate, or otherwise, are unknown to Plaintiff at this time, and Plaintiff therefore sues said Defendants by such fictitious names and will ask the leave of this Court to amend this Complaint to show their true names and capacities when the same have been ascertained.

5. All Defendants herein have caused an event to occur in the State of Arizona, which event is the subject matter out of which the claims alleged in this Complaint arise. The amount in controversy in this matter exceeds the minimum jurisdictional amount required for Superior Court jurisdiction.

6. Jurisdiction and venue are proper in this Court.

7. Upon information and belief, and at all relevant times, Defendant Danielle Trach was an employee and/or agent of GEICO tasked with marketing and ultimately selling GEICO insurance products.

8. Upon information and belief, Danielle Trach was acting within the course and scope of her employment and/or agency with GEICO at all relevant times.

9. Upon information and belief, Danielle Trach was not an insurance agent licensed with the State of Arizona.

10. Upon information and belief, GEICO, and its employee and/or agent Danielle Trach, held themselves out to Plaintiff and the general public as skilled agents and/or brokers of insurance. In doing so, Defendants represented themselves as possessing the requisite knowledge, skill, experience and expertise to recommend, advise, and procure appropriate insurance products for the general public, including but not limited to Justin Bogus.

11. Justin Bogus purchased a 2014 Harley Davidson motorcycle in 2017.

12. After the purchase, Justin sought insurance coverage for the motorcycle with GEICO.

13. Initially, Justin completed an online quote requesting coverage on the motorcycle. In obtaining the quote, Justin selected the minimum coverages available in an effort to be able to discuss coverage options with a live person rather than obtaining insurance coverage solely

through the internet.

14. One of the reasons Justin desired to speak to a person—rather than purchase coverage solely through the internet—was so he could discuss potential coverage options for the motorcycle. Indeed, Justin's primary concern in obtaining coverage on the motorcycle was to avoid the potentially catastrophic consequences of being involved in a collision while on a motorcycle.

15. After obtaining the online quote, Justin discussed his coverage options with Danielle Trach. During the conversation, Justin specifically stated he wanted more coverage than his auto policy with the specific intent of protecting himself and his passengers from potentially catastrophic injuries they may suffer while operating the motorcycle.

16. At the time of the conversation with Danielle Trach, Justin's auto policy—through GEICO Casualty Company—provided coverage for bodily injury in the amount of $100,000.00 per person, subject to an aggregate limit of $300,000.00 per collision. The auto policy also provided matching uninsured and underinsured motorist coverage in the amount of $100,000.00 per person, subject to an aggregate limit of $300,000.00 per collision.

17. During the phone conversation with Danielle Trach, Justin requested increased—with respect to the auto policy—bodily injury limits for the motorcycle policy with matching uninsured and underinsured motorist benefits.

18. During the phone conversation, Danielle Trach failed to adequately explain the purpose of uninsured and underinsured motorist coverage when Justin called GEICO requesting motorcycle coverage to adequately protect Justin, and his passengers, while operating the motorcycle.

19. Despite Justin's specific request for additional coverage to protect himself and his passengers from potentially catastrophic injuries while operating the motorcycle, Danielle Trach improperly and negligently recommended, advised and counseled Justin to purchase a policy with bodily injury coverage in the amount of $300,000.00 per person, subject to an aggregate limit of

$300,000.00 per collision, but with uninsured and underinsured motorist coverage in the amount of $15,000.00 per person, subject to an aggregate limit of $30,000.00 per collision.

20. The policy GEICO, by and through Danielle Trach, recommended, advised, and counseled Justin to purchase did not meet Justin's requested needs of providing adequate protection to Justin and his passengers against potentially catastrophic injuries they may suffer while operating the motorcycle.

21. Despite Justin's request for matching uninsured and underinsured motorist limits as well as his stated desire to obtain sufficient insurance to adequately protect himself and his passengers from potentially catastrophic injuries while operating the motorcycle, GEICO, by and through Danielle Trach, sold Justin a motorcycle policy providing bodily injury liability coverage in the amount of $300,000.00 per person, subject to an aggregate limit of $300,000.00 per collision. The motorcycle policy, however, only provided uninsured and underinsured motorist coverage in the amount of $15,000.00 per person, subject to an aggregate limit of $30,000.00 per collision.

22. After the policy was purchased, GEICO sent Justin an Arizona Department of Insurance-approved form allegedly confirming his selection/rejection of uninsured and underinsured motorist coverage as required by A.R.S. § 20-259.01.

23. GEICO did not properly complete the Arizona Department of Insurance-approved selection/rejection form.

24. The Arizona Department of Insurance-approved selection/rejection form did not confirm the selection of any level of uninsured and/or underinsured motorist benefits despite A.R.S. § 20-259.01's explicit requirement that the selection of uninsured/underinsured limits in an amount less than the bodily injury limits be confirmed on an approved form.

25. The Arizona Department of Insurance-approved selection/rejection form did not confirm the rejection of matching uninsured and/or underinsured motorist benefits despite A.R.S. § 20-259.01's explicit requirement that the rejection of uninsured/underinsured limits in an

amount less than the bodily injury limits be confirmed on an approved form.

26. GEICO, by and through Danielle Trach, negligently failed to provide Justin with a motorcycle policy with matching uninsured and underinsured motorist coverage despite his specific request for matching limits.

27. GEICO, by and through Danielle Trach, negligently failed to exercise the degree of skill and learning required of an agent—albeit unlicensed—in recommending, advising and procuring insurance for Justin.

28. On November 30, 2017, Justin was riding his motorcycle when non-party Amanda West made an improper and negligent left turn causing a collision with Justin's motorcycle.

29. Justin suffered catastrophic physical, emotional and economic injuries as a result of the collision.

30. To date, Justin has incurred in excess of $1,000,000.00 in reasonable and necessary medical expenses as a direct and proximate result of the motor vehicle collision.

31. Amanda West was insured by State Farm Mutual Automobile Insurance Company ("State Farm") at the time of the collision. The State Farm policy provided bodily injury liability coverage in the amount of $100,000.00 per person, subject to an aggregate limit of $300,000.00 per collision.

32. State Farm agreed to tender its policy limits to resolve the bodily injury claims against Amanda West.

33. Amanda West was not insured under any other insurance policies providing bodily injury liability, or personal umbrella, coverage which may pay for the damages suffered by Justin as a result of the collision.

34. The $100,000.00 in available bodily injury coverage from the State Farm policy is inadequate to fully compensate Justin for the physical, emotional and economic injuries he suffered as a result of the collision.

35. While he had underinsured motorist coverage on both the auto policy and the

motorcycle policy, Justin did not have sufficient underinsured motorist coverage to address his catastrophic injuries.

36. As a direct and proximate result of Defendants' negligence, Justin was underinsured for the catastrophic injuries he suffered.

37. As a direct and proximate result of Defendant's negligence, Justin suffered damages in an amount equal to the underinsured motorist coverage he would have had but for Defendants' negligence, in an amount up to the value of his injuries sustained in the collision.

## COUNT ONE
### (Negligence – Danielle Trach and John Doe Trach)

38. Plaintiff incorporates all previous allegations as though specifically set forth herein.

39. Defendant Danielle Trach owed Justin a duty to exercise reasonable care when recommending, advising and procuring insurance for him.

40. Defendant Danielle Trach breached her duty of care when she failed to provide a policy with matching uninsured and underinsured motorist limits when Justin specifically requested that level of coverage.

41. Defendant Danielle Trach breached her duty of care when she failed to adequately and sufficiently explain the nature, purpose and benefit of uninsured and underinsured motorist coverage.

42. Defendant Danielle Trach breached her duty of care when she recommended, advised and counseled Justin to purchase the motorcycle policy with mismatched uninsured and underinsured motorist limits when Justin specifically requested adequate coverage to protect himself and his passengers from potentially catastrophic injuries they may suffer while operating a motorcycle.

43. Defendant Danielle Trach breached her duty of care when she failed to properly confirm the selection and/or rejection of uninsured and underinsured motorist benefits on a form approved by the Arizona Department of Insurance.

44. As a direct and proximate result of Defendant Danielle Trach's negligent conduct, Justin suffered damages in an amount equal to the underinsured motorist limits he would have had but for Defendant's negligence.

## COUNT TWO
**(Vicarious Liability – GEICO)**

45. Plaintiff incorporates all previous allegations as though specifically set forth herein.

46. Defendant Danielle Trach was an employee and/or agent of Defendant GEICO at all relevant times.

47. Defendant Danielle Trach was acting within the course and scope of her employment and/or agency with Defendant GEICO at all relevant times.

48. Defendant GEICO is vicariously liable for the careless, unlawful and/or negligent conduct of its employees and/or agents, including but not limited to Defendant Danielle Trach, under the theory of *respondeat superior*.

49. Defendant Danielle Trach owed Justin a duty to exercise reasonable care when recommending, advising and procuring insurance for him

50. Defendant Danielle Trach breached her duty of care when she failed to provide a policy with matching uninsured and underinsured motorist limits when Justin specifically requested that level of coverage.

51. Defendant Danielle Trach breached her duty of care when she failed to adequately and sufficiently explain the nature, purpose and benefit of uninsured and underinsured motorist coverage.

52. Defendant Danielle Trach breached her duty of care when she recommended, advised and counseled Justin to purchase the motorcycle policy with mismatched uninsured and underinsured motorist limits when Justin specifically requested adequate coverage to protect himself and his passengers from potentially catastrophic injuries they may suffer while operating a motorcycle.

53. Defendant Danielle Trach breached her duty of care when she failed to properly confirm the selection and/or rejection of uninsured and underinsured motorist benefits on a form approved by the Arizona Department of Insurance.

54. As a direct and proximate result of Defendant Danielle Trach's negligent conduct, Justin suffered damages in an amount equal to the underinsured motorist limits he would have had but for Defendant's negligence.

55. As such, Defendant GEICO is liable for Justin's damages.

## COUNT THREE
### (Negligence – GEICO)

56. Plaintiff incorporates all previous allegations as though specifically set forth herein.

57. Upon information and belief, Defendant GEICO hired, selected, trained, supervised, and retained Defendant Doe GEICO Insurance Producer.

58. Defendant GEICO owed a duty to exercise reasonable care in hiring, selecting, training, supervising and retaining Defendant Doe GEICO Insurance Producer as an employee and/or agent.

59. Upon information and belief, Defendant GEICO breached its duty of care in hiring, selecting, training, supervising, and retaining Defendant Doe GEICO Insurance Producer as an employee and/or agent.

60. As a direct and proximate result of Defendant GEICO's negligent conduct, Justin suffered damages in an amount equal to the underinsured motorist limits he would have had but for Defendant's negligence.

**WHEREFORE**, Plaintiff prays for judgment against the Defendants, and each of them, as follows:

1. For general damages in a fair, just and reasonable sum in excess of the minimum jurisdictional limits of this Court;

2. For economic damages in a sum according to proof;

3. For pre-judgment interest on Plaintiff's liquidated damages;

4. For Plaintiff's costs incurred herein; and

5. For such other and further relief as the Court may deem just and proper.

DATED this 1st day of October, 2018.

**LEVENBAUM TRACHTENBERG, PLC**

/s/ Justin Henry
Justin Henry
*Attorney for Plaintiff*

**CERTIFICATE OF SERVICE**

I hereby certify on October 1, 2018, I electronically transmitted the foregoing document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrant:

Sanford K. Gerber, Esq.
Daniel O. King, Esq.
**JONES, SKELTON & HOCHULI, PLC**
40 North Central Avenue, Suite 2700
Phoenix, Arizona 85004
*Attorneys for Defendants*

/s/ Lisa Balbini